*Gus. Schmidt* and *J. S. Grannis,* for plaintiff.

*Johnson & Hackney,* for defendants.

## PARTIAL ASSIGNMENTS.

[Circuit Court of Licking County.]

JAMES W. OWENS, TRUSTEE, ET AL V. WALDO TAYLOR, ASSIGNEE.*

Decided, October Term, 1899.

*Assignment for the Benefit of Creditors—Deed Covers Specific and Scheduled Property—Executed Prior to Amendment of Section 6343—Chose in Action Not Included in the Deed—Subsequently Reduced to Judgment in Favor of the Assignor—Then Transferred to One Not a Creditor.*

1. An assignment for the benefit of creditors of specific real estate and scheduled securities, executed prior to the amendment of Section 6343, and without any intention to prefer one creditor over another, does not convey title to the assignee of property not included in the deed.

2. A chose in action, which did not pass to the assignee, but subsequent to the assignment was reduced to judgment in favor of the assignor, is not affected by the assignment, and having been transferred by the assignor can not afterward be recovered by the assignee, though the transfer was to one not a creditor.

VOORHEES, J.; ADAMS, J., and DOUGLASS, J., concur.

The case is in this court on appeal, and is a controversy arising between Waldo Taylor, assignee of William Shields, and Margaret J. Shields and Lucius B. Wing.

* Affirmed by the Supreme Court without report, April 16, 1901 (64 Ohio State, 577).

The contention grows out of a deed of assignment made by William Shields to Alonzo P. Taylor on November 23, 1878, and by Alonzo P. Taylor and William Shields to John H. and Benjamin Franklin, on December 4, 1878. In these deeds of assignment the property is described as all the lands and tenements, with their appurtenances, including all city and town lots, situated in the county of Licking; also, the real estate owned by Shields in the city of Columbus, Ohio, particularly described; also, 1,130 shares of the capital stock of the Newark Coal Company, which was hypothecated to different parties as collateral security; also, 200 shares of the capital stock of the Licking Iron Company, which was hypothecated as collateral security to Nicholas Duper & Company, of Boston, excepting and reserving from the deed the homestead rights.

Alonzo P. Taylor, on December 3, 1878, resigned said trust, and the probate court appointed John H. Franklin and Benjamin Franklin trustees instead of said Taylor; and Taylor and Shields, by deed of that date, granted, sold and conveyed to the Franklins all the lands, tenements, and all the right and title in said Taylor vested by virtue of said deed, as expressed and described therein, reference being had to said deed for a more particular description of the property.

So it will be observed that the Franklins, as trustees, got no more property, nor any different property, than what was originally transferred to Alonzo P. Taylor, in trust for Shields.

The instrument of writing, under which Margaret J. Shields and Lucius B. Wing claim the fund in controversy, was executed March 9, 1890. After the assignment Charles W. Snider took from William Shields an assignment of the claim involved in this action.

The date of the assignment was sometime after March 22, 1886. This assignment was for the benefit of Snider and was to secure him for $427.64, with eight per cent. interest from March 9, 1890. On that day he agreed to pay over to Shields all the money other than the $427.64 and interest realized from the judgment in favor of Gibson Atherton, trustee, against the Newark, Somerset & Straitsville Railroad Company, in which Shields was entitled to a distributive share. On the same day William

Shields assigned this money to Charles R. Shields, who, on July 25, 1893, assigned it, one-half to Margaret J. Shields .and one-half to Lucius B. Wing.

The question we are called upon to determine in this case is: Does the deed of assignment originally to Alonzo P. Taylor, carry with it this chose in action which is now in controversy, and claimed by the defendant, Waldo Taylor, assignee, as being assets which were assigned originally to the assignee Alonzo P. Taylor, who was succeeded by the Franklins, and, by virtue of that assignment, it passed in trust from William Shields, and therefore William Shields' later assignment could have no effect upon the trust fund?

That is the only controversy now before us for determination; and it is the single question, whether or not the deed of assignment in this case is broad enough to carry and cover all the property then owned by Shields.

Attention has been directed to Section 6343, Revised Statutes, as amended April 26, 1898 (93 O. L. 290), and it is contended by counsel for defendant that under the section as amended, the property in controversy is to be controlled and the rights of the parties thereto are to be determined by the statute as amended.

Section 6343, Revised Statutes, before it was amended was as follows (56 O. L., 231, Section 16).

"All assignments in trust to a trustee or trustees, made in contemplation of insolvency, with the intent to prefer one or more creditors, shall inure to the equal, benefit of all creditors in proportion to the amount of their respective claims; and the trusts arising under the same shall be administered in conformity with the provisions of this act."

It will be observed that an assignment to come within the provisions of the statute must be made with intent to prefer one or more creditors of the assignor. This was not the expressed intention, at least, of this deed of assignment made by William Shields to Alonzo P. Taylor. There was no purpose, so far as the deed of assignment was concerned, indicating that the intention was to prefer any special or particular creditor. It was for the creditors generally, so far as the property therein assigned was concerned.

The amendment is somewhat broader.   As amended (93 O. L., 290), it reads as follows:

"Every sale, conveyance, transfer, mortgage or assignment, whether made in trust or otherwise, by a debtor or debtors, and every judgment suffered by him or them, and every act or device done or resorted to by him or them, in contemplation of insolvency, or with a design to prefer one or more creditors to the exclusion in whole or in part of others, and every sale, conveyance, transfer, mortgage, or assignment made, or judgment suffered by a debtor or debtors, or procured by him or them to be made, in any manner, with intent to hinder, delay or defraud creditors, shall be declared void as to creditors of such debtor or debtors, at the suit of any creditor or creditors, as hereinafter provided, and shall operate as an assignment and transfer of all property and effects of such debtor or debtors, and shall inure to the equal benefit of all creditors of such debtor or debtors in proportion to the amount of their respective demands," etc.

The section as amended is broader and would seem to cover all the property of the debtor.  But can it be made applicable to this case?  If the statute is broad enough to cover such a case as this, yet it could not affect rights of these parties, because this amendment was passed long after the accruing of the rights of the parties in this action.   It could not affect any vested rights of the parties, and the question must be determined as the law was under Section 6343, Revised Statutes, before this amendment; and it is very clear that it could not reach or control this case.

The question then is, whether, under the general law of assignments, regardless of the statute, this deed of assignment is broad enough to cover this property which is not specifically named in the deed of assignment.

This deed of assignment does not transfer to the assignee *all* of the property of the assignor.  There is no such comprehensive language in the deed of trust, but it is limited to specific real estate named in the deed and also specific personal property designated in the same instrument.  There are no terms of the deed of assignment broad enough to reach all of the property that Shields owned at that time.  What is the effect of this? Can this deed be construed as including property not described in the deed when it has specifically named some of the property?

In Burrill on Assignments, at page 142, the author says:

"It is a leading rule in the construction of assignments by debtors, that no more property will pass to the assignee than is embraced in the terms of the instrument; and, even where all the debtor's property is assigned in terms, if there be subsequent words of description, or a reference to a schedule, as setting it forth particularly, the contents of such 'clause or schedule will operate to limit the general clause of the transfer, and nothing will pass that is not set forth or specified." Burrill on Assignments (6th Ed.), Sec. 286, p. 386; also Section 100 on page 142, and note 4 and authorities there cited.

In this case there is a clear setting forth of the property specifically, which was intended to be assigned to Taylor. It designates the real estate, and describes it. It specifically names and schedulizes the personal property which was intended to be transferred.

Burrill on Assignments (6th Ed.), Sec. 119, at page 157, in note 2 says:

"If an assignment in trust does not, on its face, purport to be of all the assignor's property, it will be treated as a partial assignment."

A partial assignment, of course, then would be of the particular property described in the instrument.

Burrill on Assignments (6th Ed.), Sec. 119, at p. 157, n. 3, says:

"An assignment which, on its face, purports to convey all the assignor's property, when in fact he has other property not disclosed in the assignment, is void as against creditors; but if it does not so purport, it is valid, notwithstanding property may remain in the hands of the assignor unassigned. *Pearce* v. *Jackson*, 2 R. I., 35."

This deed of assignment does not purport to convey and transfer all of the property from the assignor. In 1 Am. & Eng. Enc. Law (1st Ed.), 852, 853; also 3 Am. & Eng. Enc. Law (2d Ed.) 36, the author says:

"A general assignment of all the debtor's property will pass to the assignee everything which is by its nature assignable,

except property specially exempted by law, or excepted by the terms of the deed or the schedule annexed, where the law allowed an exception.

"Only such property will pass, however, as is embraced in the terms of the instrument, and the effects of an assignment purporting to be general will be modified by descriptive clauses, or a schedule, which operate to limit the property assigned to that described in them."

We think this deed of assignment, designating as it does this specific property assigned to Taylor, did not cover this chose in action which was afterwards passed into a judgment in favor of the assignor; and, it being his property, it would be subject, of course, to the action of general creditors. But there are no general creditors contending for it, so far as the question is now presented for our consideration. It was, then, his property, unaffected by the deed of assignment. It was property that might be transferred or assigned; and, having been assigned by him to these claimants, we think they are entitled to that fund, so far as the assignee, Waldo Taylor, is concerned. He could get nothing by virtue of the deed of assignment, or by virtue of his office, excepting the property which was assigned originally to Alonzo P. Taylor, because Alonzo P. Taylor's rights fixed those of the trustees, Franklin, and also fixed the rights of the assignee, Waldo Taylor, defendant herein.

That being so, the answer and cross-petition of Waldo Taylor, assignee, will be dismissed. There will be a decree in favor of Margaret J. Shields and Lucius B. Wing for the fund that is in the hands of Owens as trustee, awaiting the order of the court as to distribution, and this is the decree of this court.

*Kibler & Kibler,* for Lucius B. Wing and Margaret J. Shields.

*Waldo Taylor,* for Catherine Snider, executrix; also as assignee of William Shields.